IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| STANFORD CAIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:20-cv-00653 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFREY KISER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |        United States District Judge |
| Defendants. | ) | |

Plaintiff Stanford Cain ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, against multiple Virginia Department of Corrections ("VDOC") officers and administrators alleging violations of his Eighth Amendment rights under the U.S. Constitution. (*See generally* Compl. [ECF No. 1].) Plaintiff brings claims against Defendants VDOC Regional Ombudsman R. Bevins, Red Onion State Prison ("Red Onion") Institutional Ombudsman T. Trapp, Red Onion Warden Jeffrey B. Kiser, Red Onion Lieutenant J. Shepard, and Red Onion Unit Manager E. Miller's (collectively "Defendants"). Plaintiff claims the Defendant officers did not provide him with various sanitary supplies in a timely manner, which caused him to live in unsanitary conditions and develop a skin rash, thereby violating the Eight Amendment's prohibition of cruel and unusual punishment. Plaintiff also claims the Defendant administrators failed to respond adequately to Plaintiff's complaints through internal prison grievance procedures, thereby making them complicit in and liable for the officers' alleged Eighth Amendment violations.

This matter is before the court on the Defendants motion to dismiss pursuant to Rule 12(b)(6). (ECF No. 24.) After reviewing the record, the court concludes that Plaintiff has failed

to state a claim upon which relief can be granted. Accordingly, the court will grant Defendants' motion to dismiss.

## I.

At all relevant times, Plaintiff was housed as an inmate at the Red Onion, a maximum security prison operated by VDOC in Wise County, Virginia. Plaintiff's complaint concerns the conditions of his confinement from September 2 through October 21, 2020.

According to Plaintiff, on September 2, Red Onion staff failed to "distribute weekly scheduled toilet paper, soap, sponge or cleaning liquids." (Compl. ¶ 10.) That same day, Plaintiff verbally complained to Defendants Miller and Shepard, requesting the supplies and expressing his fear of "being exposed to COVID-19" and his concern about "maintaining good hygiene during this COVID-19 pandemic . . . ." (*Id.* ¶¶ 11–12.) Plaintiff states his concerns were heightened due to a VDOC memo concerning a COVID-19 outbreak at a separate VDOC facility and because Red Onion had previously "quarantined several inmates . . . for COVID-19." (*Id.* ¶ 12; *see* ECF No. 1-1, at 1.) Plaintiff alleges Defendants Miller and Shepard responded by saying they would "look into it," but they did not take any action. (*Id.* ¶ 11.)

On September 7, Plaintiff filed an informal complaint. Defendant Shepard responded to Plaintiff's informal complaint on September 15, stating that "[a]ll offenders are issued toilet paper, soap, and cleaning supplies per policy[.]" (*See* ECF No. 1-1, at 4.) Unsatisfied with that response, Plaintiff filed a regular grievance on September 22, complaining of Defendants' lack of action and requesting "[t]o be provided toilet paper, soap, and cleaning supplies." (*Id.* at 5.) Red Onion's Institutional Ombudsman, Defendant Trapp, responded the following day. He

denied the grievance because it was a "[r]equest for services" rather than a cognizable grievance. (*Id.* at 6; *see* Compl. ¶ 16.)  Plaintiff appealed Trapp's decision to the VDOC Regional Ombudsman, Defendant Bevins, who responded by upholding Trapp's decision on October 1, 2020. (ECF No. 1-1, at 6; *see* Compl. ¶ 17.)

Plaintiff claims Defendants again failed to provide cleaning supplies as scheduled the week of October 5, 2020. (Compl. ¶ 13.)

Because of Defendants' alleged inaction, Plaintiff claims that he developed "irritation/rash on [his] neck the week of September 14, 2020." (*Id.* ¶ 15.) Plaintiff sought medical treatment for the rash, and on September 24, Red Onion medical staff prescribed him hydrocortisone cream to treat the irritation. (*Id.*) Plaintiff further states that he developed a second skin rash on his left arm because the Defendants allowed the "unsanitary conditions" in his cell to persist. (*Id.* ¶23.) Plaintiff sought treatment for this irritation and was again prescribed hydrocortisone cream by Red Onion medical staff on October 27. (*Id.*)

Plaintiff filed the instant complaint on October 28, 2020, asserting that Defendants Shepard and Miller's failure to distribute sanitary products caused him to suffer the skin rash and irritation and violated the Eighth Amendment's ban against cruel and unusual punishment. (*Id.* ¶ 26.) Plaintiff seeks compensatory damages against each Defendant in the amount of $10,000, punitive damages against each Defendant in the amount of $2,500, and costs. (*Id.* ¶¶ 30–33.)[1]

---

[1] Plaintiff's Complaint originally also requested equitable relief. (Compl. ¶ 30.) But in Plaintiff's "Opposition in Response to Defendants' Motion to Dismiss," he clarifies that he "is only interested in money damages not injunctive relief." (Pl.'s Resp. in. Opp. ¶ 4 [ECF No. 30].) To the extent Plaintiff brings any claims against the Defendants in their individual capacities, the court notes that state employees acting in their official capacities are not "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Because official capacity claims are claims against a state itself, the Eleventh Amendment immunizes those claims for

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992.) "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* In considering a Rule 12(b)(6) motion, a court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007.) Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009.) Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted.) "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005.) Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is

---

money damages brought in federal court. *See id.*; *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). Thus, the court will only consider Plaintiff's claims for money damages brought against Defendants in their individual capacities.

liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982.) Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009.) Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985.) "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999.)

## III.

Defendants Miller and Shepard argue that dismissal under 12(b)(6) is proper on Plaintiff's Eighth Amendment claims because Plaintiff failed to allege conditions of confinement or resulting injuries sufficiently serious to state a cognizable Eighth Amendment claim. Defendants Bevins and Trapp assert that dismissal is proper because they had no personal involvement in creating or contributing to Plaintiff's complained of conditions and because Plaintiff has no constitutional entitlement to access to a prison's internal grievance procedures. And Defendant Kiser argues that, because he is named only in the caption of Plaintiff's Complaint and no specific allegations of misconduct are made against him, dismissal is required. The court agrees and will grant Defendants' motion to dismiss in full.

## A.

The Eighth Amendment protects prisoners from cruel and unusual punishment and imposes an affirmative obligation on prison officials to take reasonable measures to ensure inmate safety. *Thompson v. Va.*, 878 F.3d 89, 97 (4th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Whitley v. Albers*, 475 U.S. 312, 319–20 (1986)); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prison official may violate an inmate's Eight Amendment rights either through the official's deliberate indifference or by the application of excessive force. *See Thompson,* 878 F.3d at 97–98. "The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance." *Id.* at 97 (citing *Farmer*, 511 U.S. at 834.)

To assert an Eighth Amendment conditions-of-confinement claim, a prisoner must satisfy both an objective and subjective test. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991.) This requires an objective showing that the prisoner was "exposed to a substantial risk of serious harm" *and* that the prison official subjectively "kn[e]w of and disregard[ed] that substantial risk to the inmate's health or safety." *Thompson*, 878 F.3d at 97 (internal quotation marks omitted). Under the objective prong of the analysis, the prisoner must demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious' . . . ." *Farmer*, 511 U.S. at 825–26 (quoting *Wilson*, 501 U.S. at 298). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions, or a substantial risk of such serious harm resulting from . . . exposure to the challenged conditions." *Scinto v. Stansberry,* 841 F.3d 219, 225 (4th Cir. 2016) (internal

quotation marks omitted). A prisoner's conditions of confinement "may be restrictive and even harsh" without violating the Eighth Amendment, provided that they serve a "legitimate penological objective." *Farmer*, 511 U.S. at 833 (cleaned up).

The subjective prong requires that an official acted with "a sufficiently culpable state of mind," meaning he was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and that he also drew the inference. *Id.* at 837. Whether a prison official knew of a substantial risk is a question of fact that may be shown by inference from circumstantial evidence or by "the very fact that the risk was obvious." *Id.* at 842. Deliberate indifference "lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law." *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995.) But "even officials who acted with deliberate indifference may be 'free from liability if they responded reasonably to the risk.'" *Scinto,* 841 F.3d at 226 (quoting *Farmer,* 511 U.S. at 844.) And where a court determines that a plaintiff has failed to satisfy the objective prong on the analysis, it "need not consider whether [the defendants] acted with an intent sufficient to satisfy the [Eighth] Amendment's state-of-mind requirement." *Strickler v. Waters,* 989 F.2d 1375, 1379 (4th Cir. 1993.)

**B.**

Plaintiff claims Defendants Miller and Shepard's acted with deliberate indifference in failing to distribute toilet paper and other cleaning supplies according to the schedule, causing Plaintiff to live in unsanitary conditions that resulted in a neck rash and skin irritation on his left arm. Defendants assert that Plaintiff's allegations fail to satisfy the objective prong of a conditions-of-confinement claim. According to Defendants, the alleged deprivation of toilet

paper and cleaning supplies for a two-week period did not create conditions that objectively deprived Plaintiff of a basic human need or posed "a substantial risk of . . . serious harm resulting from [the Plaintiff's] unwilling exposure to the challenged conditions." (Defs.' Br. Supp. Mot. to Dismiss 4 [ECF No. 25] (quoting *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995)).) Defendants further argue that Plaintiff's skin rash and irritation allegedly resulting from the conditions do not objectively amount to a sufficiently "serious or significant physical or emotional injury" to state a cognizable claim. (*Id.* at 4–5.)

Here, Plaintiff alleges that toilet paper and cleaning products were not distributed according to the weekly schedule, which he claims created unsanitary conditions in his cell constituting an objectively serious deprivation which he was twice subjected to for a period of at least two weeks. While the "deprivation of toiletries, and especially toilet paper, can rise to the level of unconstitutional conditions of confinement," *Trammell v. Keane*, 338 F.3d 155, 165 (2nd Cir. 2003) (collecting cases), courts both within and outside this circuit that have addressed similar allegations have determined that the denial of hygiene products for brief periods does not amount to a serious deprivation of a basic human need, even when such denial results in unsanitary conditions similar or worse than Plaintiff alleges here. *See, e.g., Stickley v. Byrd,* 703 F.3d 421, 423–24 (8th Cir. 2013) ("Although Stickley exhausted his supply before receiving an additional roll the following week, he was not always without toilet paper. When he did run out of toilet paper, he was able to clean himself by taking a shower . . . . [His] constitutional rights were not violated by the denial of additional toilet paper."); *Dopp v. W. Dist. of Okla.*, 105 F. App'x. 259, 261 (10th Cir. 2004) ("Being deprived of hygiene products for eight days is not sufficiently serious to implicate the Eighth Amendment."); *Trammell*, 338

F.3d at 165 ("Deprivation of other toiletries for approximately two weeks—while perhaps uncomfortable—does not pose such an obvious risk to an inmate's health or safety" to offend the Eighth Amendment.); *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (holding there was no valid Eighth Amendment conditions of confinement claim where plaintiff "was not provided with toilet paper for five days . . . and . . . lacked soap, toothbrush, and toothpaste for ten days"); *Salmons v. W. Reg'l Jail Auth.*, No. 3:18-1447, 2019 WL 5616916, at *6 (S.D. W. Va. Oct. 30, 2019) (inmate temporarily deprived of toiletries and exposed to human waste, urine, and fecal matter did not state a valid Eighth Amendment claim); *Ash v. Greenwood*, No. 2:17-cv-03022, 2018 WL 4201398, at *6 (S.D. W. Va. Aug. 30, 2018) (noting that the prisoner's allegations were "troubling," but ultimately holding that an inmate alleging he was deprived of toilet paper for "several" days did not state a valid Eighth Amendment claim); *Johnson v. Fields*, No. 2:14-cv-38-FDW, 2017 WL 5505991, at *10 (W.D.N.C. Nov. 16, 2017) (noting that a prisoner being denied a shower and clean clothes for twelve days would not state a valid Eighth Amendment claim); *Moore v. Parham*, No. 1:16cv1519, 2017 WL 4118458, at *3–4 (E.D. Va. Mar. 23, 2017) (inmate deprived of toilet paper for nineteen consecutive days did not state a valid Eighth Amendment claim).

Plaintiff claims his conditions caused him to suffer a minor rash on his neck and skin irritation on his left arm. Plaintiff states that both conditions were treated by Red Onion medical staff by prescribing hydrocortisone cream. Courts have consistently rejected the idea that a minor, treatable skin rash or irritation resulting from unsanitary conditions may constitute a sufficiently "serious or significant physical . . . injury" to satisfy the objective prong of this analysis. *See, e.g., Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (finding that eczema is

not a sufficiently "serious medical need" on which to base a claim of deliberate indifference); *Stapleton v. Pagano*, No. 19-cv-952 (KMK), 2020 WL 4606320, at *4 (S.D.N.Y. Aug. 11, 2020) (finding that "a skin rash or condition, even one that involves bleeding and scarring is not a medical condition that gives rise to an Eighth Amendment deliberate indifference claim"); *Kimble v. FNU Corpening*, No. 1:19-cv-00016-FDW, 2019 WL 2502763, at *1–2 (W.D.N.C. June 17, 2019) (finding an inmate claiming a wet mattress "caused him skin irritation [and] rashes" had "failed to allege a serious or significant physical or emotional injury"); *Grender v. Wall*, No. 15-cv-0086, 2016 WL 3093903, at *7 (E.D. Wis. June 1, 2016) (finding that an inmate "forced to sleep on a wet mattress for a night, resulting in him getting a rash and skin irritation" had failed to allege "an extreme deprivation"); *Holden v. Knight*, No. 3:15-cv-432 JD, 2016 WL 696088, at *3 (N.D. Ind. Feb. 22, 2016) (finding that an inmate's "skin rash" could not "be considered an objectively serious medical condition" and that "[t]ypically, without more, skin rashes are not").

While the court is troubled by the temporary deprivation of sanitary supplies and is sympathetic to Plaintiff's alleged injuries, these claims do not rise to the level of an Eighth Amendment violation. Put plainly, "[t]he Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler*, 989 F.2d at 1380. Accordingly, Plaintiff allegations do not state a violation of the Eighth Amendment as to all Defendants.

## C.

Plaintiff's claims against Defendants Trapp and Bevins also fail for a separate reason. According to Plaintiff, these defendants violated his constitutional rights when Trapp "failed to provide a fair decision" in responding to Plaintiff's grievance form, and when Bevins upheld Trapp's decision, thereby making him "complicit in upholding the intake decision." (Compl. ¶¶ 16–17.) These are the only allegations against Defendants Trapp and Bevins.

But Plaintiff does not allege how Trapp or Bevins caused or contributed to the complained of conditions in Plaintiff's cell. *See Iqbal,* 556 U.S. at 676 (noting that a plaintiff must plead that each "defendant, through the official's *own individual actions*, has violated the Constitution") (emphasis added). Plaintiff does not allege that Trapp or Bevins were responsible for distributing hygiene products, cleaning inmate cells, treating inmates, or setting Red Onion policy regarding any of these practices. Rather Plaintiff's allegations refer solely to Trapp and Bevins's actions taken in response to Plaintiff filing a grievance form. Even if Plaintiff had alleged a violation of the Eighth Amendment, the allegations as they pertain to Trapp and Bevins are insufficient to hold them liable for that violation.

Plaintiff's Complaint could also be read as alleging Fourteenth Amendment Due Process violations against Trapp and Bevins. *See Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (noting the courts obligation to give "liberal construction" to *pro se* complaints raising civil rights issues). These claims are also meritless.

To state a procedural due process claim against a prison official, an inmate must establish three elements. First, he must allege that he was denied a liberty interest arising under the Constitution or state law, *Wilkinson v. Austin*, 545 U.S. 209, 226 (2005); second, that the

denial imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," *Sandin v. Conner*, 515 U.S. 472, 484 (1995); and third, that the process employed by the prison was "constitutionally inadequate," *Lovelace v. Lee*, 472 F.3d 174, 202 (4th Cir. 2006). Fourth Circuit precedent is clear that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Thus, to the extent Plaintiff's Complaint can be read as asserting that Defendants Trapp and Bevins' actions taken in the course of Red Onion grievance procedures constituted a violation of due process, he fails to state a claim. *See id; see also Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adkins*, 855 F.2d 639, 640 (9th Cir. 1988). Further, Plaintiff has not alleged any facts that would permit a reasonable inference that Trapp or Bevins abused Red Onion grievance procedures or denied Plaintiff access to any of those procedures. On the contrary, Plaintiff alleges that he was provided with and submitted a grievance form, Defendant Trapp timely responded to the grievance, Plaintiff appealed Trapp's decision, and Defendant Bevins timely responded to the appeal by upholding Trapp's decision and notifying the Plaintiff of his decision. Plaintiff may not have been satisfied with Defendants' decisions in the grievance procedures, but this in no way converts their actions into cognizable due process violations.

## D.

Plaintiff names Defendant Kiser only in the caption of the Complaint and one paragraph in the section marked "Defendants" identifying the parties. (*See generally* Compl.) Plaintiff does not identify any action or omission that Kiser, personally, undertook in violation of his rights. Plaintiff merely states that "Kiser is the Warden of the Red Onion State Prison.

He is legally responsible for the operation of Red Onion State Prison and for the welfare of all inmates of that prison." (Compl. ¶ 4.)

"Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974); *see Allen v. Young*, No. 7:20cv00206, 2021 WL 826778, at *3 (W.D. Va. Mar. 4, 2021); *Mayo v. Punter*, No. 3:20cv908, 2021 WL 3192374, at *2 (E.D. Va. July 28, 2021). Thus, Plaintiff has failed to state a cognizable claim against Defendant Kiser under either an Eighth Amendment conditions of confinement or Fourteenth Amendment procedural due process theory. *See Iqbal,* 556 U.S. at 676 (noting that a plaintiff must plead that each "defendant, through the official's own individual actions, has violated the Constitution".)

## IV.

For the reasons discussed, the court will grant the Defendants' motion to dismiss.

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 28th day of March, 2022.

                                        */s/ Thomas T. Cullen*
                                        HON. THOMAS T. CULLEN
                                        UNITED STATES DISTRICT JUDGE